J-S55041-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANGEL FERDINAND GIL | |
| Appellant | No. 566 EDA 2014 |

Appeal from the Judgment of Sentence September 6, 2013
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0000420-2013
CP-39-CR-0000422-2013
CP-39-CR-0000423-2013

BEFORE:  BOWES, J., SHOGAN, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED FEBRUARY 10, 2015**

Angel Ferdinand Gil appeals from the judgment of sentence entered in the Lehigh County Court of Common Pleas on September 6, 2013, made final by the denial of Gil's post-sentence motion to withdraw his guilty plea on January 21, 2014.[1]  The trial court imposed an aggregate sentence of 18 to 36 months' incarceration, followed by three years' probation, after Gil entered a guilty plea in three separate cases to charges of robbery, criminal conspiracy to commit robbery, and criminal trespass.[2]  On appeal, Gil

---

[1] Gil's notice of appeal purports to appeal from the January 21, 2014, order denying his motion to withdraw his guilty plea. "However, a direct appeal in a criminal case can only lie from the judgment of sentence." **Commonwealth v. Lawrence**, 99 A.3d 116, 117 (Pa. Super. 2014) (citation omitted). Therefore, we have amended the caption accordingly.
[2] 18 Pa.C.S. §§ 3701(a)(1)(iv), 903, and 3503(a)(1)(i), respectively.

challenges the voluntariness of his guilty plea. For the following reasons, we affirm.

The facts leading to the charges in the three cases on appeal are as follows. On October 3, 2012, Gil, Denisse Guzman, and Daquasia Ransome, traveled to Emmaus, Pennsylvania, in Gil's car. At the time, Guzman was Gil's girlfriend. After the three conspired to commit a robbery, Ransome left the car and threatened a 16-year-old female at knifepoint. In the meantime, Gil backed his car into an alleyway to conceal his license plate. The victim turned over her iPhone to Ransome, who later returned to Gil's car. The three culprits fled the scene and Ransome kept the phone.

Three days later, in Allentown, Pennsylvania, Gil and Guzman robbed a college student of her iPad and iPhone. Guzman threatened the victim with a knife and demanded the devices. Although the victim initially resisted, she relented after Gil exited a nearby car, displayed a knife, and directed Guzman to get in the vehicle. The two fled with the victim's iPad and iPhone.

After the victim reported the robbery, the police tracked the iPhone, through a "Find My iPhone" mobile application, to a house on Washington Street. The police obtained a warrant to search the residence and, upon arrival, discovered that Gil and Guzman had tied bed sheets together and fled from a second floor window. They were eventually discovered in a neighbor's garage hiding under a vehicle. Guzman subsequently gave a statement to police, admitting her complicity and claiming that Gil had asked

her to rob the college student after witnessing Ransome's success a few days earlier.

Gil was arrested and charged as follows. At Docket No. 420-2013, he was charged with robbery, theft, receiving stolen property, simple assault, and criminal conspiracy[3] for the robbery of the 16-year-old victim. At Docket No. 422-2013, Gil was charged with robbery, theft, receiving stolen property, possession of an instrument of crime, and criminal conspiracy[4] for the robbery of the college student. Lastly, at Docket No. 423-2013, Gil was charged with criminal trespass[5] for breaking into his neighbor's garage.

On September 6, 2013, Gil entered a negotiated guilty plea to charges of criminal conspiracy to commit robbery (Docket No. 420-2013), robbery (Docket No. 422-2013), and criminal trespass (Docket No. 423-2013).[6] In

---

[3] 18 Pa.C.S. §§ 3701(a)(1)(ii), 3921(a), 3925(a), 2701, and 903, respectively.

[4] 18 Pa.C.S. §§ 3701(a)(1)(ii), 3921(a), 3925(a), 907, and 903, respectively.

[5] 18 Pa.C.S. § 3503(a)(1)(i).

[6] Gil was originally charged with robbery and conspiracy to commit robbery as felonies of the first degree pursuant to 18 Pa.C.S. § 3701(a)(1)(ii) and (b)(1). **See** Docket No. 420-2013, Criminal Information, 2/4/2013, Count 5; Docket No. 422-2013, Criminal Information, 2/4/2013, Count 1. However, during the plea hearing, the Commonwealth amended the informations so that grading of the crimes was reduced to felonies of the second degree. **See** N.T., 9/6/2013, at 37-38; 18 Pa.C.S. § 3701(a)(1)(iv) and (b)(1).

exchange for the plea, the Commonwealth withdrew the remaining charges, and agreed to concurrent sentences with a minimum sentence of 18 months' imprisonment. As part of the plea agreement, Gil also agreed to proceed with sentencing that same day, and waive his right to a presentence investigation. After a lengthy plea and sentencing hearing,[7] the trial court accepted Gil's guilty plea and imposed the following sentences: (1) a term of 18 to 36 months' imprisonment, followed by three years' probation for robbery; (2) a term of 14 to 35 months' imprisonment followed by three years' probation for criminal conspiracy; and (3) a term of one month to 36 months' imprisonment, followed by three years' probation for criminal trespass. Pursuant to the plea agreement, the court imposed the sentences to run concurrently to each other.

Thereafter, Gil filed a timely *pro se* post-sentence motion to withdraw his guilty plea.[8] Upon's Gil's request, plea counsel was relieved of

_____

[7] We note that the transcript from the hearing spans 102 pages, and includes two recess breaks when Gil was permitted to consult with his mother and counsel. Moreover, although the Commonwealth originally offered Gil a minimum sentence of 20 months' imprisonment, he was able to negotiate that minimum down to 18 months' imprisonment. **See** N.T., 9/6/2013, at 6, 9-11, 40-41.

[8] A post sentence motion must be filed no later than 10 days after the imposition of sentence. Pa.R.Crim.P. 720(A)(1). Although Gil's motion was docketed on September 19, 2013, the envelope the motion arrived in is date stamped September 16, 2013. "Under the 'prisoner mailbox rule,' we deem the statement as filed on the date [Gil] presented it to prison authorities for mailing. **Commonwealth v. Robinson**, 12 A.3d 477, 479 n.2 (Pa. Super. 2011). Accordingly, we consider Gil's motion to have been timely filed.

representation, and new counsel was appointed. Following a hearing on January 21, 2014, the trial court denied Gil's motion, and this timely appeal followed.[9]

Gil's sole issue on appeal challenges the trial court's denial of his motion to withdraw his guilty plea. Specifically, Gil contends that at the time he entered his plea, he was "on mind altering drugs which caused him to be agitated and unable to focus." Gil's Brief at unnumbered 13. Furthermore, he insists he was "pushed to accept the offer that day" without sufficient time to consider the alternatives, and dependent upon the waiver of his right to a presentence investigation. *Id.* Gil also asserts that his attorney "threatened him with much greater sentences if he did not accept the Commonwealth's offer." *Id.* Accordingly, he argues that he has demonstrated "prejudice on the order of manifest injustice" because his plea was entered unknowingly, unintelligently and involuntarily. *Id.*

When a defendant enters a guilty plea, he waives the right to challenge on appeal "all non-jurisdictional defects except the legality of the sentence and the validity of the plea." *Commonwealth v. Lincoln*, 72 A.3d 606, 609 (Pa. Super. 2013), *appeal denied*, 87 A.3d 319 (Pa. 2014). Furthermore, when a defendant seeks to withdraw a plea after sentencing,

---

[9] On February 24, 2014, the trial court ordered Gil to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Gil complied with the court's directive, and filed a concise statement on March 14, 2014.

he must demonstrate "prejudice on the order of manifest injustice before withdrawal is justified." ***Commonwealth v. Yeomans***, 24 A.3d 1044, 1046 (Pa. Super. 2011) (citation omitted). "A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently." ***Commonwealth v. Stork***, 737 A.2d 789, 790 (Pa. Super. 1999), *appeal denied*, 764 A.2d 1068 (Pa. 2000).

However, "[o]ur law presumes that a defendant who enters a guilty plea was aware of what he was doing [and h]e bears the burden of proving otherwise." ***Commonwealth v. Rush***, 909 A.2d 805, 808 (Pa. Super. 2006) (citation omitted). Indeed, "[w]here the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established." ***Stork***, ***supra***, 737 A.2d at 790 (citation and internal quotation marks omitted).

First, Gil contends he was taking Sinequan,[10] a "mind altering drug," on the day of his guilty plea hearing, which caused him to be unfocused and agitated. Gil's Brief at unnumbered 13. Gil did not include this argument in his Pa.R.A.P. 1925(b) concise statement, and, for that reason, it is waived

_____

[10] Sinequan is "used to treat mental/mood problems such as depression and anxiety." http://www.webmd.com/drugs.

on appeal.[11]  ***See Commonwealth v. Hill***, 16 A.3d 484, 494 (Pa. 2011)

("[A]ny issues not raised in a Rule 1925(b) statement will be deemed

waived[.]").

Next, Gil contends he was "forced to make a decision" on the plea

agreement "without adequate time to consider the alternatives."  Gil's Brief

at unnumbered 13.  Moreover, he asserts:

> Had he not been forced to waive his presentence investigation,
> he would have had an opportunity to consider the alternatives,
> and the ability to withdraw his plea prior to sentencing at which
> time the standard would have been much easier to meet.

***Id.***[12]

Again, we find his claim is belied by the record from the plea hearing.

Although the plea agreement was time-sensitive, as well as contingent upon

Gil's waiver of a presentence investigation, the trial court provided Gil with

---

[11] We note that even if we were to address this claim, we would conclude
that it is meritless.  During the guilty plea colloquy, Gil informed the trial
court that he had taken his prescribed dosage of Sinequan within the last 24
hours.  N.T., 9/6/2013, at 46-47.  However, when the court inquired
whether the medication would "interfere with [his] ability to understand
what's going on here today[,]" Gil responded, "No, Your Honor."  ***Id.*** at 47.
It is well-settled that a defendant who enters a guilty plea "is bound by the
statements he makes in open court while under oath and he may not later
assert grounds for withdrawing the plea which contradict the statements he
made at his plea colloquy."  ***Commonwealth v. Pollard***, 832 A.2d 517, 523
(Pa. Super. 2003) (citation omitted).

[12] "A pre-sentence motion to withdraw a guilty plea should be liberally
allowed and should be granted for any fair and just reason unless granting
the motion would cause substantial prejudice to the Commonwealth."
***Commonwealth v. Gordy***, 73 A.3d 620, 623-624 (Pa. Super. 2013),
*appeal denied*, 87 A.3d 318 (Pa. 2014)

every opportunity to fully consider and/or decline the Commonwealth's offer. Indeed, the court recessed twice while Gil was given the opportunity to call his mother and, later, to discuss the plea agreement with his attorney. *See* N.T., 9/6/2013, at 19, 36. Although he requested more time to consider the offer, the Commonwealth refused to extend the offer past the day of the hearing. Moreover, before proceeding to the sentencing part of the hearing, the trial court, again, gave Gil the opportunity to withdraw his plea, if he decided not to waive his right to a presentence investigation. *Id.* at 82. Gil declined to do so. *Id.* at 83. On appeal, he is "bound by the statements he makes in open court while under oath" and is not permitted to "later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Pollard*, *supra*, 832 A.2d at 523. Therefore, Gil is entitled to no relief on this claim.

Lastly, Gil asserts his attorney "threatened him with much greater sentences if he did not accept the Commonwealth's offer." Gil's Brief at unnumbered 13.

A review of the plea transcript reveals, however, Gil clearly indicated he was satisfied with the representation of his attorney, and he was neither forced nor threatened to accept the plea agreement. The following excerpt is instructive:

> THE COURT: Are you satisfied with [your attorney's] representation?
>
> MR. GIL: Yeah.

THE COURT: Are you sure?

MR. GIL: Yeah, Your Honor.

THE COURT: Okay. Now, listen, you're under oath, we're having a, hopefully, an open conversation. Now is the time, if you haven't had enough time, if you're not satisfied, if you don't want to do it, if that's not your understanding of what the plea agreement is, now is the time to say it because I am accepting all your answers as truthful.

MR. GIL: Yes, Your Honor.

THE COURT: So, are you satisfied with your attorney?

MR. GIL: I'm not really satisfied, Your Honor.

THE COURT: Okay.

MR. GIL: I believe he did the best he can do.

THE COURT: Okay. Fair enough. …

* * *

THE COURT: Mr. Gil, did Mr. Vedomsky force you to take this plea agreement?

MR. GIL: No, Your Honor.

THE COURT: Okay. Has anybody forced or threatened you to take this plea agreement?

MR. GIL: Not at all, Your Honor.

THE COURT: Okay. And has anybody made any promises to you about my sentences, other than what we've spoken about here in court?

MR. GIL: No, Your Honor.

N.T., 9/6/2013, at 59-60. Therefore, Gil's statements during the guilty plea colloquy belie his claims on appeal. We reiterate:

> The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he

makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

***Pollard***, ***supra***, 832 A.2d at 523 (citations omitted). Accordingly, no relief is warranted on this claim.

Because we find that Gil's challenges to the voluntariness of his guilty plea are belied by the record, we conclude the trial court did not abuse its discretion in denying Gil's post sentence motion to withdraw his plea. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/10/2015

- 10 -